**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4399**

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

     v.

GIOVANNI VIRUEL,

          Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Columbia.  Cameron McGowan Currie, District
Judge.  (3:08-cr-00590-CMC-10)

Submitted:  October 14, 2010          Decided:  December 2, 2010

Before NIEMEYER, GREGORY, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Jonathan Harvey, Columbia, South Carolina, for Appellant.  James
Chris Leventis, Jr., OFFICE OF THE UNITED STATES ATTORNEY, Mark
C.  Moore,  Stanley  Duane  Ragsdale,  Assistant  United  States
Attorneys, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Giovanni Viruel appeals the forty-eight month sentence imposed following his conviction for use of a telecommunication facility in a drug trafficking crime, in violation of 21 U.S.C. § 843(b) (2006), and illegal reentry, in violation of 8 U.S.C. § 1326(a) (2006). Viruel's attorney has filed a brief pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967), contending there are no meritorious issues on appeal, but questioning whether the district court erred in failing to apply a two-level reduction pursuant to <u>U.S. Sentencing Guidelines Manual</u> (USSG) § 2D1.1(b)(11) (2008).[*] Though informed of his right to file a pro se supplemental brief, Viruel has not done so, and the Government has elected not to file a brief. We affirm.

"Regardless of whether the sentence imposed is inside or outside the [g]uidelines range, the appellate court must review the sentence under an abuse-of-discretion standard." <u>Gall v. United States</u>, 552 U.S. 38, 51 (2007). Appellate courts are charged with reviewing sentences for both procedural and substantive reasonableness. <u>Id.</u>

---

[*] Though counsel cites USSG § 2D1.1(b)(7) in his brief, that section involves the application of a two-level enhancement for distribution of an anabolic steroid and masking agent, not at issue in this case. The remainder of counsel's brief makes it clear that counsel intended to cite to USSG § 2D1.1(b)(11).

In determining procedural reasonableness, we first assess whether the district court properly calculated the defendant's advisory guidelines range. Id. at 49-50. We then determine whether the district court failed to consider the 18 U.S.C. § 3553(a) (2006) factors and any arguments presented by the parties, treated the guidelines as mandatory, selected a sentence based on "clearly erroneous facts," or failed to sufficiently explain the selected sentence. Id. at 51; United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007). Finally, we review the substantive reasonableness of the sentence, "taking into account the 'totality of the circumstances, including the extent of any variance from the [g]uidelines range.'" Pauley, 511 F.3d at 473 (quoting Gall, 552 U.S. at 51).

A district court's factual findings, including those that serve as a basis for a sentencing enhancement, are reviewed for clear error, see United States v. Kiulin, 360 F.3d 456, 460 (4th Cir. 2004); a district court's legal conclusions regarding whether to apply an enhancement are reviewed de novo, see United States v. Layton, 564 F.3d 330, 334 (4th Cir.), cert. denied, 130 S. Ct. 290 (2009). Under USSG § 2D1.1(b)(11), if a "defendant meets the criteria set forth in subdivisions (1)-(5) of subsection (a) of § 5C1.2 (Limitation on Applicability of Statutory Minimum Sentences in Certain Cases)," his offense

3

level should be decreased by two levels. Viruel bears the burden of establishing he satisfies the § 5C1.2 criteria. United States v. Thompson, 554 F.3d 450, 455 (4th Cir.), cert denied, 130 S. Ct. 191 (2009). Because Viruel fails to make such a showing, we conclude that the district court correctly declined to apply a two-level reduction pursuant to USSG § 2D1.1(b)(11).

In accordance with Anders, we have reviewed the remainder of the record and find no meritorious issues for appeal. Therefore, we affirm the judgment of the district court. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED